UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                   :
ROBERTO FERNANDO JIMENEZ ARROYO,                                   :
                                                                   :
                              Plaintiff,                           :
                                                                   :
              -v-                                                  :          26 Civ. 3096 (JPC)
                                                                   :
RAG & BONE HOLDINGS, LLC,                                          :          ORDER
                                                                   :
                              Defendant.                           :
                                                                   :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Roberto Fernando Jimenez Arroyo initiated this case by filing a Complaint on April 16, 2026.  Dkt. 1.  On May 1, 2026, Plaintiff filed an affidavit from a process server who purports to have served Defendant by delivering a copy of the Summons to "Robin (the company manager)," a male with long brown hair, on April 30, 2026.  Dkt. 5.  The affidavit states that "Robin" was "designated by law to accept service" on behalf of Defendant, but does not explain how the process server knew this to be the case.  *Id.*  Nor does it indicate where such purported service on "Robin" occurred.

New York law provides that service of process on a limited liability company such as Defendant may be made by personal delivery to:

> (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process.

N.Y. C.P.L.R. § 311-a(a).  However, "personal delivery of a summons to the wrong person does not constitute valid personal service."  *McDonald v. Ames Supply Co.*, 238 N.E.2d 726, 728 (N.Y. 1968); *see also Macchia v. Russo*, 496 N.E.2d 680, 682 (N.Y. 1986) (declining to recognize "a

narrow exception . . . in situations where a process server acts reasonably in the face of misrepresentations regarding the identity or authority of the person served").

Under this standard, Plaintiff has not yet provided sufficient proof that Defendant has been properly served.  Absent further explanation of how the process server concluded that "Robin" was Defendant's "manager," the assertion that Robin was "designated by law to accept service" is unsupported.  *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) ("Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient."); *see also id.* ("Nor is it always reasonable, under all the circumstances, for the process server to rely on claims of authority made by the defendant's employees.").

Under Federal Rule of Civil Procedure 4(m), a plaintiff generally must serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).  Plaintiff filed his Complaint on April 16, 2026, so his deadline to serve Defendant is July 15, 2026.  Before that date, Plaintiff should make further attempts to effectuate service upon Defendant, or else submit further evidence showing why Defendant has already been properly served.

SO ORDERED.

Dated: May 26, 2026
New York, New York

JOHN P. CRONAN
United States District Judge